THE CITIZENS' BANK OF NEW ORLEANS *v.* THE LEVEE STEAM COTTON PRESS COMPANY.

Action by a bank, in liquidation under the acts of 14 and 26 March, 1842, to recover the amount of a dividend due on stock held by it in another corporation, to which it was indebted in a larger sum for money on deposit: *Held,* that the claim of the bank was discharged by compensation. Act 5 April, 1843, s. 2.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
*Denis* and *Pitot,* for the appellants.
*Eustis,* for the defendants.

MORPHY, J. The defendants having declared a dividend of five per cent on their stock, in September, 1843, were sued for

$615, accruing to the petitioners, as owners of one hundred and twenty-three shares of the said stock. To this demand the defendants pleaded compensation, alleging that the Citizens' Bank was indebted to them in a large amount of their own notes, and they tendered their check on the bank for the amount claimed. There was a judgment below in favor of the defendants, and the bank appealed.

The evidence shows that the defendants have had large amounts of money deposited in the Citizens' Bank, and still have to their credit in that bank a sum equal to the amount claimed in this suit. The judge below properly allowed the plea of compensation. His decision accords with that made by this court in the case of *The Commissioners of the Exchange and Banking Company of New Orleans* v. *Mudge and another* (6 Robinson, 387, 397), and is based on an express provision of the law of 5th April, 1843, to facilitate the liquidation of the property banks. It provides, that it shall be the duty of each of the banks of this State, at all times, to receive in offset, or part offset of debts due to it, its own debts, when liquidated and part due, whether for circulation, deposites, or arising from any other source whatever, and whether such bank be or not in liquidation, and without reference to the date at which the debtor offering such tender may have acquired the claim by him offered in offset. Acts of 1843, p. 56. It is urged by the counsel for the bank that, a dividend having been declared by the company, all the stockholders should be on an equal footing, and that the plaintiffs should not receive less than the others. When the bank receives in payment of their dividend their own notes or obligations, they cannot be said to receive less than the other stockholders, or to be placed on a different footing. Compensation might, in the same way, be opposed to any other stockholder indebted to the company. If, in availing themselves of this plea, the defendants avoid a loss on the amount due to them by the bank whose notes are depreciated, it is an advantage in which all the stockholders participate; whereas, if compensation were not allowed, the bank would receive a larger dividend than the other stockholders, because, with the money received from the defendants, they could pur-

chase their own notes to a larger amount than the dividend declared. *Judgment affirmed.* ·